# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| Arroyo-Torres, *et al.*,<br><br>    Plaintiffs,<br><br>        v.<br><br>González-Méndez, *et al.*,<br><br>    Defendants. | **Civil No. 14-1448 (SEC)** |

### MEMORANDUM & ORDER

Pending before the Court is Defendant SIMED's Motion for Reconsideration. Docket # 41. For the reasons that follow, this motion is **DENIED**.

In its previous Opinion, the Court denied Defendant's motion for summary judgment. The Court held that Plaintiffs' extrajudicial claim against Millennium tolled their direct action against SIMED. This result, the Court ruled, was compelled by the Puerto Rico Supreme Court's decision in Barrientos v. Gobierno De La Capital, 97 P.R.R. 539 (1969), cert. denied, 400 U.S. 866 (1970), and – on a slightly different basis – by the First Circuit's opinion in Tokyo Marine and Fire Ins. Co., Ltd. v. Perez & Cia, 142 F.3d 1 (1998).

SIMED now argues that General Accident Insurance v. Ramos, 148 D.P.R. 523 (1999), a Puerto Rico Supreme Court decision issued just one year after Tokyo Marine, mandates a different result. According to SIMED, this case superseded Barrientos as the Puerto Rico Supreme Court's most recent pronouncement on the nature of the relationship between an insurer and its insured. SIMED also contends that the First Circuit's prediction of Puerto Rico law in Tokyo Marine cannot be squared with the Supreme Court's later-issued decision in General Accident. With

those cases brushed aside, SIMED contends that <u>General Accident</u> is controlling and compels a finding that Plaintiff's claims are time-barred. Yet, for the reasons that follow, the Court finds that SIMED's arguments – while creative – ultimately fail to hold water.

A brief recount of the facts in <u>General Accident</u> is necessary to set the stage for this analysis. The controversy in that case unfolded with an automobile collision between Myrna Quiñones and Erwin Ramos. Quiñones was covered by a specific type of insurance policy, commonly known as a "double insurance" automobile policy. As the Supreme Court explained, the policy covered both damages to the vehicle as well as any outstanding loan amount – and thus provided protection for both the vehicle's owner and the financial institution that financed the purchase of the vehicle. Critically, however, the policy did not cover damages to third parties.

Pursuant to the terms of the policy, General Accident covered the damages sustained by Quiñones' vehicle. Then, invoking the subrogation clause in the policy, the insurance company sued Ramos in order to recover the amount disbursed to Quiñones, as well as other associated costs. Ramos, in turn, filed a counterclaim alleging that Quiñones was at fault for the collision, and sought relief for the damages sustained by <u>his</u> vehicle. More than a year later, and within the same proceeding, Ramos filed a third party complaint against Quiñones, claiming the same relief.

Quiñones moved to dismiss, arguing that Ramos' third-party complaint was time-barred because she was not solidarily liable with her insurance company for damages to third parties. On appeal, the Supreme Court of Puerto Rico agreed. Solidarity, the court said, is an exception to the general rule applicable in contract law and arises when the contracting parties expressly agree to it, or when that obligation may be clearly deduced from the terms of the contract itself. <u>See</u> <u>General Accident</u>, 99 TSPR 91 (citing <u>Arroyo v. Hospital La Concepción</u>, 130 D.P.R. 596, 601-602 (1992); <u>Pauneto v. Núñez</u>, 115 D.P.R. 591 (1984); <u>Rosario v. Sandoval</u>, 60 D.P.R. 411

(1942)).[1] Because of the limited terms of the insurance policy – which did not cover damages to third parties – the court held that there was no solidarity between Quiñones and her insurance company with respect to damages suffered by third parties. General Accident, 99 TSPR 91 (P.R. June 14, 1999) ("Como la compañía aseguradora no tenía responsabilidad alguna con respecto a dicha reclamación, no podía resolverse que existía solidaridad entre dicha compañía y la asegurada con respecto a ella, que surgiese de una subrogación que tampoco incluía la reclamación referida."). The court thus ruled that the insurance company's subrogation claim against Ramos did not toll the statute of limitations for Ramos to bring a tort action against Quiñones, such that the latter action was time-barred.[2]

The insurance policy at play in this case is diametrically opposed to the one in General Accident. It is true that in the previous Opinion, this Court noted that the record does not contain the insurance policy in question, and that SIMED denied that the contract contained any express clause regarding solidarity between the parties. All the same, this is an action for medical malpractice, and in answering the complaint, SIMED admitted that it issued an insurance policy providing "coverage for the factual allegations included in the present claim." See Docket # 18, ¶ 18. What is more, "while contractual obligations are presumed not to be solidary unless there is an express agreement to the contrary, statutory solidarity operates without regard to the parties' consent to be so bound with each other[.]" Tokyo Marine, 142 F.3d at 6.

---

[1] Because it focused closely on the law regarding contractual solidarity, the Supreme Court did not need to mention (and in fact did not do so) that solidarity may also arise by operation of law, which forms the basis for the First Circuit's decision in Tokyo Marine, and one of ours in this case. See Tokyo Marine, 142 F.3d 1 at 6 (citing Arroyo, 1992 WL 755630, at *2–3 & n. 3 ("Solidarity exists by the will of the parties or by law.")).

[2] The court also noted that although the original and third-party complaints shared common factual ground, they were fundamentally different with respect to the claims and relief sought. Gen. Accid. Ins. Co. P.R. v. Ramos, 99 TSPR 91 (P.R. June 14, 1999) ("En otras palabras, en el caso de autos las reclamaciones de la demanda y de la demanda contra tercero no tenían un entronque común.") (emphasis added in parenthetical). The insurance company, through its original complaint, sought reimbursement from Ramos for the damages sustained by Quiñones' vehicle. Ramos' third-party complaint, in turn, was a tort action based on the alleged negligence of Quiñones. From the outset, then, General Accident is readily distinguishable from the case at bar. Here, Plaintiff brought the same claim, seeking the same relief, against the original defendant and then later SIMED.

Despite SIMED's protestations, the Puerto Rico Insurance Code makes it solidarily liable with its insured with respect to claims for damages stemming from the "factual allegations included in the present claim." Docket # 18, ¶ 18. As a result, the Court stands by its previous holding that Plaintiff's extrajudicial claim against Millennium tolled the statute of limitations for their action against SIMED.

In its motion for reconsideration, SIMED presents a slew of other challenges and policy arguments. Yet all of these, for one reason or another, depend on the failed thesis that <u>General Accident</u> is applicable to this case. Consequently, the Court need not go further. The Motion for Reconsideration is DENIED. Further, in an effort to minimize the costs of litigation, the Court dispensed with the requirement that the parties file certified translations of the cases discussed herein. Nevertheless, if SIMED intends to appeal the Court's rulings, it shall bear the burden of filing certified translations of these cases, as required by Local Rule 5(g).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of June, 2016.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge